UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
ANTHONY ZENKUS,

                    Plaintiff,

              v.                                  **MEMORANDUM AND ORDER**
                                                                    23-CV-5027 (RPK) (LGD)

FRANCISCAN BROTHERS OF BROOKLYN,
and ST. ANTHONY'S HIGH SCHOOL,

                    Defendants.
----------------------------------------------------------x
RACHEL P. KOVNER, United States District Judge:

       Plaintiff, who asserts sexual-abuse claims under the New York Child Victims Act ("CVA"), has moved to remand this lawsuit to state court. Mot. to Remand (Dkt. #5). The motion is granted.

       Plaintiff filed this lawsuit in the Supreme Court of the State of New York, in Kings County. *See* Notice of Removal (Dkt. #1). The lawsuit asserts state-law sexual-abuse claims against defendants, who are Roman Catholic organizations related to the Roman Catholic Diocese of Rockville Centre (the "Diocese"). After many similar CVA cases were filed, the Diocese itself filed for Chapter 11 bankruptcy protection in the United States Bankruptcy Court for the Southern District of New York. Defendants—who are not debtors in that bankruptcy proceeding—removed the action to this Court, on the ground that it is "related to" the bankruptcy proceeding. *See* 28 U.S.C. § 1334. The Diocese then moved pursuant to 28 U.S.C. § 157(b)(5) to transfer this and more than 200 other similar cases from this District to the Southern District of New York. That transfer motion is currently pending before Judge Schofield. Plaintiff, in turn, has moved to remand this lawsuit to state court.

Plaintiff's remand motion is granted for substantially the reasons set forth by Judge Gonzalez in his thorough and well-reasoned opinion addressing analogous motions in *In re: Child Victims Act Cases Removed From State Ct.*, No. 23-CV-4741 (HG), 2023 WL 5287067, at *1 (E.D.N.Y. Aug. 17, 2023). The Court has subject matter jurisdiction over this lawsuit because plaintiff's claims are "related to" the bankruptcy case against the Diocese in the Southern District of New York. *Id.* at *4–5; *see* 28 U.S.C. §§ 1334(b), 1452(a). But remand is proper because the criteria for mandatory abstention in 28 U.S.C. § 1334(c)(2) are met. *See In re: Child Victims Act Cases Removed From State Ct.*, 2023 WL 5287067, at *6–8. And the doctrines of permissive abstention, *see* 28 U.S.C. § 1334(c)(1), and equitable remand, *see* 28 U.S.C. § 1452(b), would apply even if that were not so. *See In re: Child Victims Act Cases Removed From State Ct.*, 2023 WL 5287067, at *8. Finally, the Diocese's pending motion in the Southern District of New York to transfer plaintiff's lawsuit to that court under 28 U.S.C. § 157(b)(5) does not justify delaying the resolution of this remand motion. Because Section 157(b)(5) permits a district with pending bankruptcy proceedings to transfer cases from state court, this remand decision will not prevent the Southern District from granting the Diocese's motion and transferring this case to the Southern District if that court concludes transfer is warranted under Section 157(b)(5). *See* 28 U.S.C. § 157(b)(5).

## CONCLUSION

Accordingly, the plaintiff's motion to remand is granted. The case is remanded to the Supreme Court of the State of New York, in Kings County.

SO ORDERED.

                                                */s/ Rachel Kovner*
                                                RACHEL P. KOVNER
                                                United States District Judge

Dated: January 17, 2024
       Brooklyn, New York

3